Jasen, J. (dissenting).
I would affirm the order of the Appellate Division for the reasons stated in the well-reasoned majority opinion by Mr. Justice Walter B. Reynolds. I would add only a brief observation. The 1972 statutory plan for establishing uniform rates of compensation for nonjudicial court personnel manifests an intention to apply the rates therein established in a prospective manner. To that end, the Administrative Board of the Judicial Conference was given the discretion to allocate positions in the State-paid exempt class to particular salary grades. (Judiciary Law, § 219, subd 2.) The board, in the exercise of its discretionary authority, allocated the petitioners, law secretaries to Supreme Court Justices of the Ninth Judicial District, to salary Grade 31. Those whose current salaries were below the Grade 31 level received increases to that level; those whose salaries met or exceeded the grade level were slotted in an increment level of *1004 Grade 31 equivalent to their current salary. Petitioners contend that, pursuant to subdivisions 4 and 8 of section 219 of the Judiciary Law, they should receive credit for their prior years of service in their ungraded positions.
I am of the view that it was reasonable for the Administrative Board to interpret the statutory reference to years in service in position to mean years of service in a position allocated to grade. The statute, which provided a new and uniform system for establishing rates of compensation for nonjudicial personnel, manifests an intent to start afresh by computing all future increments and allocations on the basis of the new grading system. Due deference should be given the statutory construction adopted by those charged with the administration of a statute and, where such interpretation is reasonable, it should not be disturbed. This is particularly true where the agency interpretation is in line with the Legislature’s over-all remedial intent.
The majority’s holding grants petitioners an unearned windfall well over the salaries they received prior to their allocation to grade level. The base pay for Grade 31 is a substantial $26,515. Many of the petitioners were advanced to that grade at the time the position was allocated to grade despite the fact that their current salary was much less than the grade base. Nevertheless, the majority would grant most of them a salary of at least $30,131 and, in two instances, a salary of nearly $32,000. In effect, the largest number of positions will receive a double credit for years served out of grade of at least $3,500 per year. The award of so substantial an increase in compensation based allegedly on years of prior service for which credit was already granted and willingly accepted, is unseemly. Most certain, such a result is not within the remedial intent of the Legislature. The determination of the Administrative Board is reasonable and has the effect of withholding an unjust pay increase. Consequently, I would uphold the board’s determination.
Order reversed, etc.